IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN CARLOS SALAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16:cv-01500-ELR |
| | ) | |
| MOVE IT ASAP, LLC | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## DEFENDANT MOVE IT ASAP, LLC'S ANSWER TO COMPLAINT

COMES NOW, Defendant Move It, LLC and files its Answer and Defenses to the above-styled Complaint that has been filed pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (the "Act").

## DEFENDANT'S GENERAL DEFENSES

1.

Defendant asserts the defense of lack of subject matter jurisdiction under the Fair Labor Standards Act.

2.

Defendant asserts the defenses of: accord and satisfaction; payment; waiver; statute of limitations, and estoppel.

3.

Defendant asserts the defense of failure to assert a claim upon which relief can be granted.

## **DEFENDANT'S SPECIFIC RESPONSES TO THE NUMBERED PARAGRAPHS IN PLAINTIFF'S COMPLAINT**

1.

**RESPONSE NO. 1**: Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations relating to Plaintiff's residency.

2.

**RESPONSE NO. 2**: Admitted.

3.

**RESPONSE NO. 3**: Denied.

4.

**RESPONSE NO. 4:** Denied.

5.

**RESPONSE NO. 5**: Admitted.

6.

**RESPONSE NO. 6**: Denied because Defendant is not subject to the Fair Labor

Standards Act since Defendant is regulated by and subject to the U.S. Department of

Transportation and DOT rules and regulations.

7.

**RESPONSE NO. 7**: Admitted.

8.

**RESPONSE NO. 8:** Admitted that Plaintiff began working for Defendant in

late 2012.

9.

**RESPONSE NO. 9**:   Denied.

10.

**RESPONSE NO. 10**:   Denied to the extent that response would imply that

Plaintiff was always paid $18.00 per hour when, in fact, he was initially paid $15.00

per hour.

11.

**RESPONSE NO. 11**:   Denied.

12.

**RESPONSE NO. 12**:  Denied that such tasks were Plaintiff's primary tasks but admitted that Plaintiff drove trucks, loaded trucks, unloaded trucks, loaded and unloaded items in the warehouse, and prepared loads for transporting to Defendant's customers in Defendant's trucks.

13.

**RESPONSE NO. 13:**  Denied.

14.

**RESPONSE NO. 14**:  Denied.

15.

**RESPONSE NO. 15**:  Denied.  At all times, Plaintiff's employment with Defendant was exempt from the Fair Labor Standards Act and Plaintiff's employment was subject to DOT rules and regulations.

16.

**RESPONSE NO. 16**:  Denied.

17.

**RESPONSE NO. 17**:  Denied.  Defendant's annual revenues were less than $500,000 in 2012, 2013, 2014, and 2015.

18.

**RESPONSE NO. 18**: Admitted that Plaintiff has incorporated certain

paragraphs by reference and Defendant reincorporates by reference herein paragraphs

1 through 17 of its Answer.

19.

**RESPONSE NO. 19**:  Denied; in any event, 29 U.S.C. § 207 is inapplicable to

Plaintiff's employment.

20.

**RESPONSE NO. 20**:  Denied that 29 U.S.C. § 211 (c) is applicable to Plaintiff

as a matter of fact and law; the remaining factual allegations are also denied.

21.

**RESPONSE NO. 21**: Denied.

22.

**RESPONSE NO. 22**:  Denied.

23.

**RESPONSE NO. 23**:  Defendant denies that Plaintiff is entitled to recover any

of the relief set forth in Plaintiff's prayer for relief.

## DEFENDANT'S GENERAL DENIALS

Defendant denies all allegations, whether express or implied, not explicitly admitted in the preceding numbered paragraphs.

## DEFENDANT'S ADDITIONAL DEFENSES

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred by the Federal Motor Carrier Act and/or are barred by the truck driver exemption to the FLSA.

### Third Defense

Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

### Fourth Defense

Plaintiff's claims are barred in whole or in part based upon payment and/or release.

## Fifth Defense

Plaintiff's claims are barred to the extent that Plaintiff has been paid and/or received all wages and all other compensation and/or reimbursement due to him by virtue of his employment.

## Sixth Defense

Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b).

## Seventh Defense

To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours; no evidence that Defendant encouraged Plaintiff to falsely report his hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiff. See *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

## Eighth Defense

Defendant at all times acted in good faith to comply with the applicable law and acted with reasonable grounds to believe that its actions did not violate the statutes

cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the law as a defense to any claim by Plaintiff for liquidated damages.

## Ninth Defense

Plaintiff's claims are barred to the extent that Plaintiff petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendant as required under applicable bankruptcy laws.

## Tenth Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or are barred because Plaintiff was exempt as a manager.

## Eleventh Defense

Plaintiff's claims are barred by the FLSA exemption from the overtime provisions of the FLSA for local delivery drivers.

## Twelfth Defense

Plaintiff's claims are barred by 29 U.S.C. § 213(b)(1) and/or 29 U.S.C. § 213(a)(1).

## Thirteenth Defense

Plaintiff's claims are exempt from the overpay pay provisions of the FLSA due to one or more applicable exemptions in the FLSA to Plaintiff's claims.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) deny Plaintiff's demands and prayer for relief;

(c) award costs and reasonable attorney fees to Defendant that are incurred in the defense of this action; and

(d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of May of 2016 by:

        **s/Albert J. Bolet, III, Esq.**
        Georgia Bar No. 065785
        Attorney for Defendant Move It ASAP, LLC
        Janice D. Ward, Esq.
        Georgia Bar No. 737281
        Attorney for Defendant Move It ASAP, LLC

        GOICO & BOLET, P.C.
        2021 North Druid Hills Road, N.E.
        Suite 200
        Brookhaven, Ga. 30329
        (404) 320-3456 Telephone
        abolet@goicobolet.com
        jward@goicobolet.com

The undersigned attorney certifies that this document complies with the font and point selections approved by the United States District Court of the Northern District of Georgia in L.R. 5.1C.  This document has been prepared in Times New Roman, 14 point, and complies with all other applicable formatting rules.

<div style="margin-left: 40%;">

**s/ Albert J. Bolet, III, Esq.**
Albert J. Bolet, III
Georgia Bar No. 065785
Attorney for Defendant Move It ASAP, LLC

</div>